UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| HOSEA SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV420-095 |
| | ) |
| OFFICER THORPE and | ) |
| CHATHAM COUNTY OF | ) |
| SAVANNAH, GEORGIA POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are plaintiff Hosea Scott's motions for leave to file an amended complaint, docs. 8 and 10, and motions to appoint counsel, doc. 7 and 19. For the following reasons, the motions to amend are **GRANTED** and the motions to appoint counsel are **DENIED**. Furthermore, the Court **RECOMMENDS** that the complaint be **DISMISSED**.

Plaintiff filed a motion for leave to file an amended complaint in which he seeks to add "Joe Doe" as a defendant. Doc. 8. A week thereafter, he filed a second motion for leave to file an amended complaint in which

he identifies John Doe as "Daniel Newman." Doc. 10. The Federal Rules of Civil Procedure permit a party to "amend its pleading once as a matter of course within (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). The complaint has not yet been screened pursuant to 28 U.S.C. § 1915A and is not yet ready for service. Therefore, the motions for leave to amend are **GRANTED** in accordance with Plaintiff's right to amend as a matter of course. Doc. 8 and 10. The Clerk of Court is **DIRECTED** to add Daniel Newman as a defendant in this case.

Plaintiff has also filed two motions requesting the court appoint counsel. Doc. 7 and 19. He alleges that the appointment of counsel is appropriate because he considers the case to be complex and his ability to litigate is hindered by his incarceration and restrictions related to COVID-19. Doc. 7 at 1–2 and doc. 19 at 1 & 5. He also claims to have made unsuccessful efforts to retain counsel or to obtain *pro bono* representation. Doc. 7 at 1 and doc. 19 at 1 & 2.

Plaintiff has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances"

warranting the appointment of counsel. This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. Therefore, his request for appointment of counsel is **DENIED**.

The Court now screens his Complaint under 28 U.S.C. § 1915A, which requires the immediate dismissal of any prisoner complaint that fails to state at least one actionable claim against a governmental entity or official. 28 U.S.C. § 1915A. Plaintiff alleges that when arresting officers used a shirt to collect a firearm, they tainted DNA evidence that was used during his trial. Doc. 1 at 1–2. He characterizes the mishandling of evidence as a violation of his Fourth Amendment rights.[1] *Id*. at 2. To the extent that these allegations challenge the propriety of his conviction, his claim is barred under *Heck v. Humphrey*, 512 U.S. 477(1994). *Heck* holds that:

> In order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

---

[1] The complaint also makes reference to the Fourteenth Amendment and supplemental jurisdiction; however, no support or explanation is provided for either theory. Doc. 1 at 1 & 3.

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.[2]

*Id.* at 486–87. A claim based on an unlawful search and seizure does not automatically imperil a resulting conviction, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction."); however, as "some Fourth Amendment claims would, if successful, necessarily imply the invalidity of the conviction because they would negate an element of the offense, . . . the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Id*, at 1160, n. 2.

---

[2] This bar is not limited to claims for monetary damages, having also been applied in cases seeking declaratory and injunctive relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (prisoner challenge to procedures used in disciplinary hearing seeking declaratory and monetary relief was subject to *Heck*); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff was convicted by a jury of a single count of possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(1). *United States v. Scott*, CR4:18-262, doc. 86 (S.D. Ga. June 19, 2019) (sealed). The appeal of the conviction is still pending. *See United States v. Scott*, Case No. 19-13729 (11th Cir. Sept. 23, 2019). His claim is premised on the belief that the use of a shirt by his arresting officers to collect a firearm tainted DNA evidence. Doc. 1 at 1–2. He avers that "[i]f it wasn't for the officer misconduct and unreasonable care the evidence would not have been used against me in [the] trial that convicted me in federal prison for a term of ten years." *Id*.

Plaintiff's claim calls into question the propriety of evidence used to establish possession, a necessary element of his conviction. 18 U.S.C. § 922(g)(1). To date, his underlying conviction has not been reversed or expunged and § 1983 cannot be used to make a collateral attack against plaintiff's conviction. As his claim is barred by *Heck*, it should be **DISMISSED**.

Even if not *Heck*-barred, plaintiff's complaint fails to state a Fourth Amendment claim. The Fourth Amendment proscribes unreasonable search and seizure. U.S. CONST. amend IV. Plaintiff does not allege that

the seizure was unsupported by probable cause or was otherwise unreasonable; but rather, that officers did not adhere to best practices when collecting evidence. Failure to follow proper procedure is not a deprivation of a right or privilege and, therefore, is not cognizable under § 1983. 42 U.S.C. § 1983 (providing a cause of action for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws"). As such, the complaint should be **DISMISSED** for failure to state a claim.[3]

In summary, plaintiff's motions to amend are **GRANTED**, doc. 8 and 10, and his motion to appoint counsel are **DENIED**, doc. 7 and 19. Furthermore, the Court **RECOMMENDS** that the complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this

---

[3] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins*, 620 F. App'x. at 711. That's the case here. Plaintiff cannot plead any set of facts against the state which would allow his claims to proceed.

Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 3rd day of August, 2020.

*[signature]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA