# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| HOSEA SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV420-095 |
| | ) |
| OFFICER THORPE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Hosea Scott brought this Complaint alleging multiple constitutional violations related to the collection of a firearm during his arrest. *See* doc. 1. The Court previously screened his complaint pursuant to 28 U.S.C. §1915A.[1] Doc. 24. He has raised

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1

objections that his claims under the Fifth and Fourteenth Amendments were not individually analyzed under the Court's prior review. *See* doc. 27. Though the prior analysis focused on the arguments most likely to be cognizable under the facts presented, to fully address plaintiff's concerns, the Court considers these claims now and **RECOMMENDS** that they be **DISMISSED**.

I.     **Fifth Amendment**

Plaintiff alleges that the use of his shirt to collect a firearm violated the Fifth Amendment. Doc. 8 at 1. The Fifth Amendment enshrines several rights, including the proscription against compulsory self-incrimination; protection against the deprivation of life, liberty, or property without due process of law; and the requirement that just compensation be given when private property is taken for public use. U.S. CONST. Amend. V. Plaintiff's amended complaint leaves vague which right under the Fifth Amendment he believes was violated during his arrest. Based on his language—"using my private property as public uses"—the Court might conclude that plaintiff initially intended to frame his claim

---

(11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

under the Takings Clause. Doc. 8 at 1. His objection to the Court's prior Report and Recommendation (R&R), however, makes reference to Fifth Amendment due process. Doc. 27 at 3. Plaintiff has not expressed a valid claim under either theory.

Supreme Court precedent suggests that the Takings Clause is not implicated when property is seized for some reason other than eminent domain. *Bennis v. Michigan*, 516 U.S. 442, 452 (1996) ("The government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain."). Though the Eleventh Circuit has not reached this question, other circuits have recognized that the seizure of property pursuant to the police power does not offend the Fifth Amendment. *See, e.g. AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) ("Property seized and retained pursuant to the police power is not taken for a "public use" in the context of the Takings Clause."); *Johnson v. Manitowoc Cnty.*, 635 F.3d 331, 336 (7th Cir. 2011) ("[T]he Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain."); *Zitter*

*v. Petruccelli*, 744 F. App'x. 90, 96 (3d Cir. 2018) (finding that property seized pursuant to a lawful search warrant was not a taking under the Fifth Amendment). Plaintiff's shirt was not collected through the state's eminent domain authority, but rather as part of his arrest and the collection of evidence. To the extent that he intended to invoke the Takings Clause, his Fifth Amendment claim should be **DISMISSED**.

Plaintiff reliance on the Due Process clause of the Fifth Amendment is also misplaced. The Fifth Amendment limits the power of the federal government, not the states. *See Jordan v. Mosley*, 298 F. App'x. 803, 806 n. 5 (11th Cir. 2008) ("[A]s the district court correctly determined, the Fifth Amendment applies only to Federal, not state, acts."); *Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997) (Tjoflat, J., dissenting from the denial of rehearing *en banc*) (noting that "[t]he Fifth Amendment obviously does not apply here—the acts complained of were committed by state rather than federal officials"); *see also McCall v. Dep't of Human Resources*, 176 F. Supp. 2d 1355, 1363 (M.D. Ga. 2001) ("[It] is elementary constitutional law that the Due Process Clause of the Fifth Amendment applies only to conduct committed by officials of the federal government; it does not apply to state actors."). As plaintiff has brought his claim

against a local law enforcement agency and two officers of that body, he cannot invoke the Due Process clause of the Fifth Amendment. Therefore, his Fifth Amendment claims should be **DISMISSED**.

## II.   Fourteenth Amendment

The Amendment provides, in relevant part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. Amend. XIV, § 1.  Plaintiff's original complaint pointed to no offensive law, deprivation without process, or denial of equal protection, offering only a conclusory statement that a violation had occurred.  Doc. 1 at 2 ("The Defendant [sic] misconduct also violated my fourteenth amendment right's [sic].").  His amendment provides some clarity, averring that defendant Thorpe violated plaintiff's equal protection and due process rights under the Fourteenth Amendment by not intervening after observing his fellow officer mishandle evidence.  Doc. 8 at 1.

It is unclear how plaintiff seeks to frame Thorpe's inactivity as a Fourteenth Amendment due process violation. Regardless of his theory, pre-trial deprivations, such as wrongful arrest or the collection of evidence, must be analyzed through the lens of the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273, (1994) ("where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process found in the Fourteenth Amendment, must be the guide for analyzing the claim." (internal quotation omitted)); *see also Hamm v. Powell*, 893 F.2d 293, 294 (11th Cir. 1990) ("courts must analyze claims of wrongful arrest and force 'under the Fourth Amendment's 'objective reasonableness' standard.'" (quoting *Graham v. Connor*, 490 U.S. 386 (1985))). As such, plaintiff has failed to state a due process claim under the Fourteenth Amendment.

Plaintiff also fails to state an equal protection claim. The Equal Protection Clause requires the Government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), *superseded by statute on other grounds*. To make an equal

protection claim, a plaintiff must "allege 'that (1) he is similarly situated with other p[ersons] who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race.'" *Mann v. Joseph*, 805 F. App'x. 779, 785 (11th Cir. 2020) (*quoting Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001)). Plaintiff has identified no similarly situated comparator nor alleged that his treatment differed because of a constitutionally protected interest. Having not alleged any of the necessary components, he fails to state an equal protection claim. Furthermore, as discussed in the Court's prior Report and Recommendation in the context of his Fourth Amendment claims, doc. 24 at 4–6, to the extent that claims under the Fourteenth Amendment would challenge the propriety of plaintiff's conviction, they are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, plaintiff's Fourteenth Amendment claims should be **DISMISSED**.

## CONCLUSION

In summary, the Court **RECOMMENDS** that plaintiff's claims under the Fifth and Fourteenth Amendments be **DISMISSED**. As the Court has previously noted, though a *pro se* litigant is generally granted at least one opportunity to amend a defective complaint, such courtesy is

not necessary when any "amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)). Here, plaintiff cannot salvage his Fifth Amendment claim because the collection of his property was not done through eminent domain nor were the alleged acts committed by the federal government. Efforts to correct the deficiencies in his Fourteenth Amendment claims would also be fruitless, as they would be ultimately *Heck* barred. Furthermore, plaintiff has already amended his complaint twice. Docs. 8 & 10.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit both the Court's prior R&R and this supplement together with all objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of August, 2020.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA