IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HOSEA SCOTT,

    Plaintiff,

v.

OFFICER THORPE, *et al.*,

    Defendant.

CIVIL ACTION NO.: 4:20-cv-95

## O R D E R

Before the Court are the Magistrate Judge's August 3, 2020, Report and Recommendation, (doc. 24), and August 26, 2020, Supplemental Report and Recommendation, (doc. 28).  Plaintiff has filed an objection to the Report and Recommendation, (doc. 27), but not to the supplement.  After a careful *de novo* review of the entire record, the Court **ADOPTS** the Report and Recommendation and Supplement as its opinion.   This case is, therefore, **DISMISSED**.

Plaintiff brought this 42 U.S.C. § 1983 case alleging that law enforcement officers mishandled evidence during his arrest for domestic violence.  (See, generally doc. 1).  Specifically, he alleges that but for officers mishandling evidence by using a T-shirt found at the scene of the arrest to collect the firearm, the damning DNA evidence "would not have been used against [him] in [the] trial that convicted [him] in federal prison for a term of ten years."  (Id. at 1-2).  He initially framed these facts as violative of the Fourth and Fourteenth Amendments, though he offered little explanation of this Fourteenth Amendment theory.  (Id. at 2).  Plaintiff later amended his complaint to clarify that his Fourteenth Amendment claims arose from defendant Officer Thorpe's non-interference with the alleged mishandling of evidence, which plaintiff

characterizes as a deprivation of the equal protection of law.   (Doc. 8 at 1).   He also added a claim under the Fifth Amendment, though he did not specify which provision of the Fifth Amendment he believed to have been infringed.   (Id.).

The Magistrate Judge recommended that the complaint be dismissed as it is barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).   Under Heck, a plaintiff is barred from bringing a § 1983 suit for damages if a favorable judgement would imply the invalidity of his conviction or sentence until that conviction or sentence has been invalidated.   Heck, 512 U.S. 486–87.   Despite plaintiff's contention in his objection that he does not intend to collaterally attack his conviction, (doc. 27 at 1), in challenging the constitutionality of the firearm's collection, plaintiff seeks to undermine the legality of the evidence used to support the possession element of his conviction under 18 U.S.C. § 922(g)(1).   At the time of the Magistrate's recommendation, an appeal of plaintiff's conviction was pending.   It has since been denied, United States v. Scott, 819 Fed. App'x. 896 (2020), as has his petition for rehearing en banc, United States v. Scott, 19-13729 (11th Cir. Oct. 26, 2020) (order denying motion petition for rehearing).   As the conviction has not been invalidated, the Fourth Amendment claim is Heck-barred.

The Magistrate identified as an alternative ground for dismissal plaintiff's failure to state a Fourth Amendment claim.   The Fourth Amendment protects against unreasonable search and seizure.   U.S. CONST. amend IV.   The Magistrate found that plaintiff did not allege unreasonableness or a lack of probable cause to support the collection of the firearm, but rather challenges law enforcement's adherence to best practices and procedure.   (Doc. 24 at 6–7).   Such deviations do not rise to the level of a deprivation of rights and are, therefore, not cognizable under § 1983.   In his objection, plaintiff offers the general allegation that the search and seizure was "unsupported by probable cause and [was] unreasonable."   (Doc. 27 at 2).   When screening a

complaint pursuant to § 1915A, the Court applies Federal Rule of Civil Procedure 12(b)(6) standards, Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001), under which such conclusory allegations alone are not sufficient to state a claim, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

Plaintiff further objects to the Magistrate not individually addressing his claims under the Fifth and Fourteenth Amendments. (Doc. 27). The Magistrate has entered a Supplemental Report and Recommendation addressing these claims. (Doc. 28). In doing so, he found that plaintiff has failed to state a claim under either amendment. (Id.). Plaintiff has not objected to the Magistrate Judge's supplement findings or the renewed recommendation of dismissal.

Accordingly, the Court **ADOPTS** the Report and Recommendation (doc. 24) and Supplemental Report and Recommendation (doc. 28) as its opinion. The complaint is **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 10th day of November, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA